IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JEFFREY PONDE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CASE NO. 7:14-CV-28-HL-TQL |
| | : | 42 U.S.C. § 1983 |
| MARTY ALLEN, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER AND RECOMMENDATION

Plaintiff Jeffrey Ponde filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 in the United States District Court for the Northern District of Georgia while confined at Johnson State Prison.  (Doc. 1.)  Plaintiff's motion to proceed *in forma pauperis* was granted, and Plaintiff was ordered to file an Amended Complaint.  (Docs. 3, 4.) Plaintiff's case was thereafter transferred to this Court.  As explained below, the claims in Plaintiff's Amended Complaint are now subject to preliminary review under 28 U.S.C. § 1915A.

## DISCUSSION

### I.      Standard of Review

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint.  *See* 28 U.S.C. § 1915A(a).  In so doing, the district court must accept all factual allegations in the Complaint as true.  *Brown v.*

*Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Even so, a district court must dismiss a prisoner's complaint after the initial review if: (1) it is "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b); *see also* 28 U.S.C. §1915(e)(2)(B) (requiring the same of pleadings filed by parties proceeding *in forma pauperis*).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

When determining whether a complaint fails to state a claim, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) ("The standards governing dismissal under Rule 12(b)(6) apply to § 1915(e)(2)(b)(ii)."). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to

2

raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.*  Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence" of the plaintiff's claims, *id.* at 556, a complaint should not be dismissed "simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.  *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal.  *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming court's dismissal of a § 1983 complaint because factual allegations were insufficient to support alleged constitutional violation).  *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II.    Analysis of Claims

In his original Complaint, Plaintiff sued Valdosta State Prison ("VSP") Warden

Marty Allen.[1]  (Compl. 3; Doc. 1.)  Plaintiff was ordered to file an Amended Complaint which he did on January 21, 2014.  (Doc. 4.)  In his Amended Complaint, Plaintiff adds VSP Officers Terry Brown, Joe Schnake, and  Westlake as Defendants.  (*Id.* at 4.)

Plaintiff's allegations are taken from the Amended Complaint and presumed true for purposes of the § 1915A screening. *See Hughes v. Lott*, 350 F.3d 1157, 1159- 60 (11th Cir. 2003).  On April 17, 2013, while confined at Valdosta State Prison, Plaintiff alleges he went to get an x-ray and upon his return to his cell, learned that another inmate had stolen his "$25 Green Dot"[2] card. (Am. Compl. 1.)  Plaintiff contends he asked for and was denied permission to go to the open waiting area outside the cell block, but when the door opened, Plaintiff ran out in search of the inmate.  (*Id.*)  Plaintiff states that he then asked for, but was denied permission by corrections officers, to enter the common area outside his cell in order to search out the inmate that stole his card.  According to the Plaintiff, prison guards seized Plaintiff as he attempted to leave his cell and then placed him in an outdoor holding cage for five hours without giving him lunch or water.  (*Id.* at 2.)  Plaintiff states that just before five p.m. that day, he was transferred to a new cell with a new cellmate.  (*Id.*)  According to the Plaintiff he and the other inmate subsequently concocted a scheme to fake a fight, with the ultimate goal being that he would be removed from that cell and provided food and water.  (*Id.*)  Plaintiff states he "played like he was hurt bad" when the guards arrived. (*Id.*)  Instead of providing him the

---

[1] Plaintiff originally sued Brian Owens, Commissioner of the Department of Corrections, but Defendant Owens was dismissed from this case on February 28, 2014.  (Doc. 7.)
[2] Green Dot cards are reloadable, pre-paid cards that look and work like credit or debit cards. *See https://www.greendot.com/greendot*

relief he had anticipated, the guards entered the cell, threatened Plaintiff, and made false accusations against him. Two of the guards, Defendants Brown and Westlake, then asked Plaintiff to choose "heads or tails," and further advised him that he would be beaten if he made the wrong choice. According to the Plaintiff, Defendant Brown then flipped a dime and the Plaintiff chose "tails". When it instead landed on "heads," Plaintiff alleges Defendants Brown and Westlake beat him while he was handcuffed, resulting in injuries to his wrist, shoulder, and chipping his tooth. Another guard, Defendant Schnake, is alleged to have acted as a "look-out" during the beating, alerting Brown and Westlake when a nurse approached. (*Id.* at 3.) Plaintiff states that Defendant Brown then told the nurse that Plaintiff was "ok." Plaintiff contends he filed grievances about the incident. He also claims he has never been contacted by the senior investigator in charge of the Department of Corrections' "south region" and that he still has not received adequate medical care for his injuries. (*Id.*)

To the extent that Plaintiff has named Warden Marty Allen as a defendant, his claims against Defendant Allen must be dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim. It is apparent from his allegations that Plaintiff named Warden Allen as a defendant because of his supervisory position. "While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong." *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citation omitted). Moreover, Defendant Allen cannot be liable solely by virtue of his supervisory position. *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir.1999). To state a claim against a supervisory

5

official, Plaintiff must allege that the supervisor "personally participate[d] in the alleged unconstitutional conduct or . . . there is a causal connection between the actions of [the] supervising official and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F. 3d 1352, 1360 (11th Cir. 2003). Plaintiff has not made any such allegation or connection in this case.

As such, it is **RECOMMENDED** that Defendant Warden Marty Allen be dismissed as a party from this action. Plaintiff may serve and file written objections to the undersigned's recommendations with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order. *See* 28 U.S.C. § 636(b)(1).

As to the claims against Officers Brown, Westlake, and Schnake, liberally construing the complaint in Plaintiff's favor, the Court finds that Plaintiff may have a colorable excessive force claim against these Defendants. Accordingly, Plaintiff's claim against Defendants Brown, Westlake, and Schnake will be allowed to go forward.

## <u>ORDER OF SERVICE</u>

It is hereby **ORDERED** that service be made on the above 3 Defendants. The Defendants shall file an Answer or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## <u>DUTY TO ADVISE OF ADDRESS CHANGE</u>

During the pendency of this action, all parties shall, at all times, keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Defendant is advised that he is expected to diligently defend all allegations made against him and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.  If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and

where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  <u>except with written permission of the court first obtained</u>, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE[3]

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of

---

[3] When the Northern District granted Plaintiff's *in forma pauperis* motion, the Court ordered Plaintiff's custodian to withdraw the filing fee from his inmate trust fund account and remit the filing fee to that Court.  Therefore, this Court has not included any deduction language.

any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

## MOTIONS FOR APPOINTMENT OF COUNSEL

Regarding Plaintiff's motions for appointment of counsel (Docs. 11, 12), under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel."  However, there is "no absolute constitutional right to the appointment of counsel" in a section 1983 lawsuit.  *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987).  Appointment of counsel is a privilege that is justified only by exceptional circumstances.  *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982).  In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented.  *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989).  Plaintiff has set forth the essential factual allegations underlying his claims and the Court will determine whether Plaintiff's allegations support a colorable legal claim.  This process is routine in *pro se* prisoner actions and therefore "exceptional circumstances" justifying appointment of counsel do not exist.  Accordingly, Plaintiff's motions are **DENIED**.

SO ORDERED, this 24th day of March, 2014.

s/*Thomas Q. Langstaff*
UNITED STATES MAGISTRATE JUDGE


lws

10

11