**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

**JEFFERY PONDE**,

    Plaintiff,

v.

**TERRY BROWN, ET AL.**,

    Defendant.

Civil Action No.: 7:14-CV-28 (HL)

**ORDER**

This case is before the Court on Plaintiff's Motion for Appointment of Counsel. (Doc. 27). Plaintiff's motion is denied for the following reasons.

Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." In the context of a lawsuit filed pursuant to 42 U.S.C. § 1983, there is "no absolute constitutional right to the appointment of counsel." Poole v. Lambert, 819 F.3d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982). When deciding whether exceptional circumstances exist, the Court considers a number of factors, including whether the facts and legal issues presented "are so novel or complex as to require the assistance of a trained practitioner." Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1983). As explained by the Eleventh Circuit, the "key is

whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." Id.

Here Plaintiff seeks appointment of representation because he is a lay person unfamiliar with the law. (Doc. 27, ¶ 2). He asserts that an attorney is better suited to file depositions and interrogatories and to conduct an evidentiary hearing. (Doc. 27, ¶ 3). Plaintiff concludes that appointing an attorney to assist him in pursuing his claims to trial will "better facilitate the courts [sic] economical and judicial times [sic] and resources." (Doc. 27, ¶ 4).

While appointing an attorney to represent Plaintiff may indeed prove more efficient, the desire for expediency fails to meet the requirement that Plaintiff first demonstrate exceptional circumstances warranting the appointment of counsel. The facts of this case are not complex, and Plaintiff up to this point has been able to articulate the substance of his claims. He has demonstrated his ability to present the basic elements of his case, and there is no evidence of any impediment to him continuing to pursue his claims *pro se*. Accordingly, Plaintiff's motion for appointment of counsel is denied.

**SO ORDERED** this 27th day of October, 2014.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks